IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY LEE TAYLOR,

    Plaintiff,          Civil No. 07-6297-CL

    v.                          FINDINGS AND
                                RECOMMENDATION

TERRENCE GOUGH,

    Defendant.

CLARKE, Magistrate Judge.

Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. See 28 U.S.C. § 1915(d).

## BACKGROUND

Plaintiff filed this action alleging that his court appointed attorney conspired with state court officials to mislead the court regarding plaintiff's true identity during a criminal prosecution resulting in an improper sentence and

1 - FINDINGS AND RECOMMENDATION

violations of plaintiff's constitutional rights.

### STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

### DISCUSSION

I find that regardless of how liberally plaintiff's complaint is construed, it fails to state a claim for at least four reasons.

1.) No state action: Plaintiff's allegations are more than a little confusing. However, the crux of plaintiff's allegations appears to be that his attorney deliberately allowed the court to proceed to sentencing based on plaintiff's allegedly mistaken identity resulting in sentence calculated on an incorrect criminal history.

2 - FINDINGS AND RECOMMENDATION

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that the defendant's actions were "under the color of state law." American Manufacturing Mutual Ins. Co. v. Sullivan, 526 U.S. 40 (1999); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Private attorneys are not state actors and their conduct is not action under the color of state law. Briley v. California, 564 F.2d 849, 853 (1977). Nor are public defenders, when acting as an attorney in a case, state actors for purposes of § 1983 liability. Polk County v. Dodson, 454 U.S. 312, 319-22 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

Private individuals may in some circumstances become liable under § 1983 by conspiring with state officials. See, Price v. State of Hawaii, 939 F.2d 702 (9th Cir. 1991). However, in order subject a private attorney to liability under 42 U.S.C. § 1983 on the ground that he conspired with state officials, a plaintiff must allege specific facts which demonstrate the existence of a conspiracy. Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). Where no such specific facts are alleged, the plaintiff's complaint should be dismissed. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039, (9th Cir. 1990); Jones v. Community Redevelopment Agency, 733 F.2d 646 (9th Cir. 1984) (holding that "mere allegation of

conspiracy without factual specificity is insufficient to support a claim").

In this case, defendant Gough is the only named defendant. Although plaintiff generally alleges that defendant conspired with state officials to violate plaintiff's rights, plaintiff's factual allegations are that defendant Gough purposefully mislead the court as to plaintiff's true identify or at least failed to correct the record regarding plaintiff's identity because he felt it could be to "our own advantage." See Complaint (#2), p. 2. Thus, plaintiff's general allegations of a "conspiracy" are contradicted by his specific factual allegations.

Based on the foregoing, plaintiff's complaint should be dismissed for lack of jurisdiction because defendant is a private individual not subject to liability under 42 U.S.C. § 1983.

2.) <u>Statute of Limitations:</u> 42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991). In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. <u>Cooper v. City of Ashland</u>, 871 F.2d 104, 105 (9th Cir.

1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In this case plaintiff alleges that defendant's alleged conduct occurred in "1999." Plaintiff's allegations indicate that he knew of the alleged ruse giving rise to his claims herein and immediately (unsuccessfully) sought to correct the record. Under these circumstances, I find that plaintiff's claim accrued in 1999 and that it is barred by the two years statute of limitations.

Plaintiff alleges that the confusion about his true identity has continued for years and constitutes a "continuing harm." However, plaintiff's allegations of subsequent harm from defendant's alleged actions only fortify my conclusion that he knew or should have known of the harm prior to October 15, 2005 (ie. two years prior to the filing of the complaint in this case).

3.) Heck v. Humphrey limitation on money damages: In order to recover damages under 42 U.S.C. § 1983 for an allegedly

unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1984).

In other words, unlawful confinement does not constitute a compensable injury under section 1983 until the confinement has been invalidated. Plaintiff has not established that the incarceration he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages for his allegedly unlawful sentence is premature.

4.) Habeas Corpus v. Civil Rights actions: Arguably, plaintiff's complaint can be construed as a challenge to his sentence. However, habeas corpus is the exclusive remedy when a plaintiff seeks to challenge the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973); Heck v. Humphrey, 512 U.S. 477 (1994); see also, Rose v. Lundy, 455 U.S. 509 (1982).

Plaintiff is advised Local Rule 295-1 (a) requires that petitions for habeas corpus be "legibly written or typewritten on forms supplied by the court."

## CONCLUSION

Based on the foregoing, plaintiff's complaint should be

6 - FINDINGS AND RECOMMENDATION

dismissed. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice as to the filing of a subsequent civil rights complaint based on the facts alleged in this action. The dismissal is without prejudice to plaintiff's right to file a petition for habeas corpus relief under 28 U.S.C. § 2254 as discussed above.

Plaintiff's Motion for Appointment of Counsel (#3) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 29 day of October, 2007.

_____
Mark D. Clarke
United States Magistrate Judge